DAVID B. BARLOW, United States Attorney (No. 13117)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
JASON R. BURT, Assistant United States Attorney (No. 11200)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT
2013 AUG -5  3: 58
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WAYNE L. LEARY, <br><br> Defendant. | Case: 1:13-cr-00048 <br> Assigned To : Sam, David <br> Assign. Date : 8/5/2013 <br> Description: USA v. Leary <br><br> FELONY INFORMATION <br><br> Viol. 15 U.S.C. §§ 77q(a) and 77x, (Fraud in the Offer and Sale of Securities) |

The United States Attorney charges:

### Count 1
### 15 U.S.C. §§ 77q(a) and 77x
### (Fraud in the Offer and Sale of Securities)

1.  Beginning on or around January 2005 and continuing through on or around October 2010, in the Northern Division of the District of Utah,

**WAYNE LEARY**

defendant herein, operated a company known as Lakeview Financial Group, LLC ("Lakeview") located in Bountiful, Utah. During this time, LEARY willfully, knowingly, and with the intent to defraud investors, in the offer and sale of securities—that is investments in Lakeview—by use

of the means and instruments of transportation and communication in interstate commerce, directly and indirectly: (1) did employ a device, scheme, or artifice to defraud; (2) did obtain money by means of untrue statements of material fact and omissions to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; or (3) did engage in transactions, practices, or courses of business that operated as a fraud and deceit upon investors.

All in violation of 15 U.S.C. §§ 77q(a) and 77x.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the felony offense alleged in Count 1 of this Information, which is punishable by imprisonment for more than one year, the above-named defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(E) and 28 U.S.C. § 2461, any and all property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the said felony offense. The property to be forfeited includes, but is not limited to a money forfeiture judgment for the total amount of restitution ordered in this case.

## SUBSTITUTE ASSETS

If the above-described forfeitable property, as a result of any act or omission of the defendant,

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

All pursuant to 18 U.S.C. § 981(a)(1)(E) and 28 U.S.C. § 2461(c).

DAVID B. BARLOW
United States Attorney

JASON R. BURT
Assistant United States Attorney