DAVID B. BARLOW, United States Attorney (No. 13117)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
JASON R. BURT, Assistant United States Attorney (No. 11200)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-00048-DS |
|---|---|---|
| Plaintiff, | : | |
| v. | : | **STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY** |
| WAYNE L. LEARY, | : | Judge David Sam |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this Agreement with the United States, I intend to plead guilty to Count 1 of the Felony Information—a violation of 15 U.S.C. §§ 77q(a) and 77x (Fraud in the Offer and Sale of Securities). My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count I, Fraud in the Offer and Sale of Securities (15 U.S.C. §§ 77q(a) and 77x) are:

 First, in connection with the offer or sale of any security, I did one or more of the following:

  (a) employed a device, scheme, or artifice to defraud;

    (b)  made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading in an effort to obtain money or property; or

    (c)  engaged in a transaction, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser.

  Second,  I acted willfully, knowingly, and with the intent to defraud; and

  Third,  I knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the mails in furtherance of the fraudulent conduct.

  2.  (a) I know that the maximum possible penalty provided by law for Count 1 of the Information, 15 U.S.C. §§ 77q(a) and 77x (Fraud in the Offer and Sale of Securities), is a term of imprisonment of up to five (5) years, a fine of $10,000, and a term of supervised release of three (3) years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

  (b) Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

  ~~(c) If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.~~

  3.  I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.

  4.  I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5.  I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

  6.  I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  (a) I have a right to the assistance of counsel at every stage of the proceeding.

  (b) I have a right to see and observe the witnesses who testify against me.

  (c) My attorney can cross-examine all witnesses who testify against me.

  (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

  (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

  (h) It requires a unanimous verdict of a jury to convict me.

  (i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal as set forth in Paragraph 12 below.

9. I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(c)(2) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct.

3

These facts provide a basis for the Court to accept my guilty plea:

From 2005 to 2010, I willfully and knowingly devised and executed a plan to defraud and to obtain money from investors by means of false pretenses, representations, and omissions in the offer and sale of securities. During that time, I operated a company called Lakeview Financial Group, LLC ("Lakeview") located in Bountiful, Utah. I was the president of Lakeview and controlled its activities. I presented Lakeview as an investment company to potential investors although Lakeview was not a licensed investment company and never issued investors a private placement memorandum.

As part of the scheme to fraudulently offer and sell securities, I portrayed myself as a successful investor with expertise in investing in real estate, large ocean containers, cell phone towers, heavy construction equipment, small business loans, and other investments. I informed investors that if they invested with me, their investments would be fully secured, and I provided investors a "loan agreement" that purported to guarantee certain rates of return, anywhere between a 7% to 15% annual return. This loan agreement was a security. At times, I told investors that an LLC would be formed and would use the money from the investor to purchase hard assets such as an apartment building or a shipping container, from which the investor would receive returns. Many of these statements were made to investors using email, with servers located at various locations around the country, thereby causing the communications to cross state lines.

The statements and representations I made to investors were false and were made for the purpose of obtaining money from the investors by offering and selling the loan agreement. Rather than using investor funds as intended and promised, I diverted and used those fund to pay personal expenses, to pay prior investors (also known as "Ponzi payments"), and to pay Lakeview's business expenses. I knew that Ponzi payments to investors would and did create a false and misleading impression of a successful business and a safe investment. I knowingly and willfully made false statements to investors with intent to defraud them and to further my investment fraud scheme.

Furthermore, when investors began complaining that they were not receiving the promised returns and/or demanded a return of their principal, I provided investors with false excuses about why money was not available.

Between November 3, 2009 and January 14, 2010, and in furtherance and execution of the above, I caused I.P.S. to make four money transfers from its bank Wells Fargo to a Lakeview bank account at America First Credit Union based on my false and fraudulent representations in offering and selling I.P.S. securities. These money transfers were bank-to-bank transfers that were processed through the Federal Reserve Bank in San Francisco, California. These transfers totaled $100,000. In one instance, after receiving a $30,000 transfer from I.P.S. on January 14, 2010, I caused $25,847 of that money to be issued to four previous investors. I knew at the time that I.P.S.'s money was being used


to make Ponzi payments, contrary to what I.P.S. had intended and understood concerning the use of its investment.

The above acts occurred in the District of Utah and elsewhere.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

        (1) I will waive prosecution by indictment and plead guilty to Count 1 of the Information.

        **APPELLATE WAIVER**

        (2)(a) Fully understanding my limited right to appeal my sentence, as referenced above in Paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement;

        (2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in paragraph (2)(a) above, in any collateral review motion, writ, or other procedure, including, but not limited to, a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver as set forth in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

        (2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. §§ 3742(b)(1), (b)(2), and (c)(2); and

        (2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not

5

|       | limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof, and (3) any orders of restitution. |

(3)      To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for a separate prosecution under 18 U.S.C. § 1001.

(4)      I consent to the Probation Office or the United States Attorney's Office obtaining a report of my credit record and using the information from that report in preparing the Presentence Report, at sentencing, or in any subsequent action, proceeding, or hearing related to the present action.

**MANDATORY RESTITUTION**

(5)(a)    I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1), I am obligated to make restitution, and the court is obligated to order that I pay it. I understand that the Court will determine at sentencing the final amount of restitution I must pay.

(5)(b)    I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(5)(c)    I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three

(5)(c)    months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(5)(d)    I understand and agree that my payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the court can resentence me to any sentence which might originally have been imposed in my case.

(5)(e)    I agree that I will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

(6)    To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

**FORFEITURE JUDGMENT**

(7)(a)    I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of my offense, including, but not limited to, a money forfeiture judgment for the total amount of restitution ordered in this case.

(7)(b)    I further agree to waive all interest in any such asset in any administrative of judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.3 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(7)(c) I further agree to waive all constitutional and statutory challenges in any many (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B. The United States and the defendant agree as follows:

(1) Prior to sentencing, and as soon as practicable, defendant must quitclaim his property located at 3544 South Panorama Drive, Garden City, Utah 84028 ("Pledged Collateral") to I.P.S. I.P.S. is a victim of defendant's conduct described in Paragraph 11 and currently possesses a security interest in the Pledged Collateral pursuant to a Deed of Trust in which it is the beneficiary. It is the parties' understanding that I.P.S. pursuant to the quitclaim deed will assume any existing liens on the property.

(2) Restitution shall total $1,025,714.13. This figure will be reduced only by the amount I.P.S. receives from the sale of the Pledged Collateral. The United States shall notify the Court at sentencing of the amount recovered by I.P.S from the sale of the Pledged Collateral. In the event I.P.S. is unable to sell the Pledged Collateral by the time of sentencing, restitution owed to I.P.S. shall be reduced by $30,000, which is the amount of the loan from I.P.S. to defendant that the Pledged Collateral secured.

(3) Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the sentence imposed by the Court will be 27 months with the Bureau of Prisons and further agree that 27 months is a reasonable sentence.

(4) The United States and the defendant understand that this agreement, including the defendant's plea, the agreed-upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to cooperate fully in the preparation of the Presentence Report.

(5) If, after receiving all relevant information, the Court rejects the

       plea agreement and determines that a sentence different from the agreed upon sentence of 27 months will be imposed, the defendant will have the right to withdraw the plea of guilty and the terms of his agreement will become null and void. Likewise, if the Court rejected the plea agreement and determines that the sentence should be less than 27 months, the United States will have the right to move to vacate this agreement, and the terms of this agreement will become null and void.

(6)     The United States and the defendant agree that all other sentence provisions (e.g., supervised release, restitution, assessments, etc.) will be imposed in accordance with applicable law.

\* \* \* \* \*

I make the following representations to the Court:

1. I am _62_ years of age. My education consists of _2 yrs. College_. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement. I understand the government and I cannot have terms of this plea that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 12th day of August, 2013.

_____
WAYNE L. LEARY
Defendant

ATTORNEY CERTIFICATION

I certify that all terms of the plea agreement between the defendant and the government have disclosed to the Court, and that there is a legal and factual basis for the defendant's plea of guilty.

DATED this 12th day of August, 2013

_____
KRIS ANGELOS
Attorney for Defendant

I certify that all terms of the plea agreement between the defendant and the government have been disclosed to the Court, and that there is a legal and factual basis for the defendant's plea of guilty.

DATED this 12th day of August, 2013.

DAVID B. BARLOW
United States Attorney

_____
MARK Y. HIRATA
Assistant United States Attorney

11